Dear Mr. Lorio:
You have requested the opinion of this office on issues raised in the recent purchase of security surveillance equipment by the St. John the Baptist Parish Council (the Council).
Documents which you have provided to our office indicate that the Council sought bids for a specific list of equipment which was to be delivered, but not installed, by the vendor. Two bids were received, and the contract was awarded to the low bidder at the same meeting where bids were received and opened. The bidder who did not receive the award has complained that the bid should have not been so quickly awarded, but should have been taken under consideration for review and then rejected since the low bidder is a wholesale supplier to alarm dealers. The complainant also requests that the low bidder be allowed to withdraw its bid and that the award then be made to the complaining bidder as the sole remaining bidder.
Since this transaction was initiated under the provisions of the Public Bid Law, La. R.S. 38:2211 and following, even though the cost of the procurement was well below the $15,000 threshold at which bids are mandated, we will apply the provisions of this law. Nothing in the Public Bid Law requires that a bid, once received, be subjected to any particular review by a public body or its staff. Certainly, with a complicated procurement or public works project it would be prudent to take the bids under advisement to evaluate the responses and to determine the responsibility of the bidders and the responsiveness of their submissions. This was not such a complicated procurement, nor has any deficiency in the low bid been identified by the disgruntled bidder or the Council's personnel. Therefore, we find no problem with the immediate decision on the bid award.
The allegation that the low bidder is identified by the other bidder as a wholesale supplier is irrelevant. Many bids on public procurements are from wholesalers, distributors and manufacturers who choose to deal directly with public entities rather than through retail dealers. While this may be of understandable concern to dealers who traditionally handle products for such wholesalers, distributors or manufacturers, it is not a reason for a public entity to refuse to consider the bid. Indeed, the Public Bid Law, R.S. 38:2212A(1)(a) would require that such a bid be considered so long as the bid is responsive to "the contract plans and specifications as advertised. . .".
The final issue raised by the disgruntled bidder is that the low bidder should be allowed to withdraw its bid. The documentation which you provided included no such request by the low bidder; indeed, the documents reflect that the low bidder has delivered the equipment and been paid. However, had the bidder attempted to withdraw its bid, such withdrawal should not have been allowed since the result would be that the Council would have paid a higher price for the equipment purchased. Indeed, if the low bidder had refused to provide the equipment at the price bid, established precedent would hold that bidder financially responsible for the increased price required to be paid to the next low bidder as a consequence of the low bidder's failure to perform. R.S. 38:2214; Civil Code Art. 1994, 1995.
We would conclude that no violation of the Public Bid Law occurred in the actions discussed above. I trust that this answers your inquiry. Please let me know if we may be of further assistance in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ GLENN R. DUCOTE Assistant Attorney General
RPI:GRD:jv